EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559
     Facsimile: (213) 894-3713
     E-mail:    kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-911-AHM |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT SCOTT ALLEN SPERLING'S MOTION TO TERMINATE SUPERVISED RELEASE TERM |
| v. | |
| SCOTT ALLEN SPERLING, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer, hereby files its Opposition to Defendant Scott Allen Sperling's Motion To Terminate Supervised Release Term.  (CR 96).

//

//

//

//

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 5, 2015                    Respectfully submitted,

                                                    EILEEN M. DECKER
                                                  United States Attorney

                                                  LAWRENCE S. MIDDLETON
                                                  Assistant United States Attorney
                                                  Chief, Criminal Division


                                                      /s/
                                                  KAREN I. MEYER
                                                  Assistant United States Attorney

                                                  Attorneys for Plaintiff
                                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Scott Allen Sperling ("defendant") is currently serving a ten-year term of supervised release imposed following a conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  The count of conviction requires that defendant serve a mandatory minimum five-year term of supervised release.  18 U.S.C. § 3583(k).  Defendant, who has so far served approximately 73 months of the 120-month term of supervised release that was imposed, has filed this motion to terminate supervised release because he contends he has been compliant and believes that he is at low risk of recidivism.  Because defendant has not made a sufficient showing that his behavior while on supervised release has been extraordinary, defendant's motion should be denied.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

   **A.   The Offense Conduct**

On August 25, 2006, ICE agents executed a search warrant at defendant's residence and seized a computer and numerous CDs from a home office adjacent to defendant's bedroom.  (PSR ¶ 9.)  A forensic examination of defendant's hard drive and CDs revealed that they contained approximately 85 video clips and 964 still images of child pornography.  (PSR ¶ 10.)  The National Center for Missing and Exploited Children determined that over 100 images and 12 videos from the recovered hard drive and CDs depicted identified minor victims of sexual abuse.  (PSR ¶ 11.)  Among the images were various pictures of prepubescent girls being sexually penetrated vaginally and anally by adult males.  (PSR ¶ 12.)  From on or about February 12, 2006, up to and including on or about August 25, 2006, defendant possessed child

pornography images on his computer hard drive and on numerous CDs. Using his computer, defendant had downloaded the child pornography images and stored them on his computer and on the CDs. (PSR ¶ 13.)

### B. Procedural History

On January 9, 2007, defendant pleaded guilty pursuant to a written plea agreement to a single-count information charging him with a violation of 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography. (PSR §§ 1-3.) On August 1, 2007, defendant was sentenced to 39 months imprisonment followed by ten years of supervised release. (Supervision Report at 1.) On August 19, 2015, defendant filed this motion for early termination of supervised release. (CR 96.)

## III. ARGUMENT

### A. Defendant Has Not Demonstrated Extraordinary Circumstances Justifying Early Termination

Title 18, United States Code, Section 3583(e), provides that a court may, after considering the 3553(a) factors, terminate supervised release early "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . ." 18 U.S.C. § 3583(e)(1). Defendant bears the burden of showing that he is entitled to early termination. See United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citing cases). However, compliance with supervised release conditions does not warrant early termination. See United States v. Flint, 2014 WL 3966299 at *2 (E.D. Cal. Aug. 13, 2014) (good behavior does not warrant early termination of supervised release); United States v. Bauer, 2012 WL 1259251 at *2 (N.D. Cal. Apr. 13, 2012) ("compliance with release conditions, resumption of employment and engagement of

family life – are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); United States v. Sine, 2012 WL 1901298 at *2 (E.D. Cal. May 24, 2012 ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of . . .[those] serving terms of supervised release and does not warrant early termination.") (internal quotation marks and citation omitted).

Defendant has not carried his burden of demonstrating that early termination is warranted here. Defendant has completed only six years of his ten-year supervised release term. To support early termination, defendant relies on his contention that he has arguably been compliant with the terms of his supervised release to date and that he allegedly is at low risk of recidivism. (Mot. at 3.) Even if true, these are not extraordinary circumstances justifying early termination.

Defendant's claim that he has received "no infractions or violations of supervision and ha[s] complied with every condition thereof" (mot. at 3), is inaccurate. In January 2013, defendant tested positive for alcohol, which was a violation of his conditions of supervision. (Supervision Report at 2, 3.) Twice in 2014, defendant viewed and/or possessed adult pornography. While defendant did not have a special condition prohibiting him from viewing sexually explicit material, this conduct did violate his treatment contract with his sex offender treatment provider. As a consequence, computer monitoring software was installed on defendant's computer. (Supervision Report at 3.) Even after this installation, in December 2014, defendant again viewed adult pornography. (Id.)

Further, defendant's risk of recidivism was adjusted from low/moderate to high based on the nature of his conviction. (Id.) The probation officer noted that recidivism decreases with increased periods of time on supervision. (Supervision Report at 4; see also Supervision Report at 3 ("it may be [defendant's] placement on supervision and participation in treatment that reduces his risk").) Thus, continuing defendant's period of supervision is appropriate because supervised release provides benefits to defendants such as Mr. Sperling. As the Supreme Court has stated:

> Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration. See 18 U.S.C. § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual §§ 5D1.3(c), (d), (e) (Nov. 1998); see also S. Rep. No. 98-225, p. 124 (1983) [U.S. Code Cong. & Admin. News 1984, pp. 3182, 3307] (declaring that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

United States v. Johnson, 529 U.S. 53, 59 (2000). The probation officer has expressed concern that defendant could reoffend without being detected, and attributes defendant's progress to his time on supervision. (Supervision Report at 3.) There is no question that probation, along with defendant's treatment provider, have taken

4

1 steps to keep defendant on a path to recovery that will allow him to
2 successfully re-integrate into society.  Thus, there is no reason to
3 terminate defendant early when it is clear defendant is benefitting
4 from supervision, especially when the principal reason defendant
5 offers in support of early termination is defendant doing only what
6 is expected of him – complying with the terms of supervision.  In
7 light of both defendant's offense conduct and conduct while on
8 supervision, continued supervision is warranted in order to protect
9 the public and deter defendant from re-offending.

**IV.   CONCLUSION**

    For the foregoing reasons, the Court should deny defendant's motion for termination of supervised release.

**CERTIFICATE OF SERVICE**

I, **R. Moran**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S OPPOSITION TO DEFENDANT SCOTT ALLEN SPERLING'S MOTION TO TERMINATE SUPERVISED RELEASE TERM**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

**SCOTT ALLEN SPERLING**
**9966 Sunfish Circle**
**Paso Robles, CA   93446**

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **October 5, 2015**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

s/*R. Moran*
R. Moran
Legal Assistant

6