UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 06-00911-AHM | Date | October 7, 2015 |

Present: The Honorable  **GEORGE H. KING, CHIEF UNITED STATES DISTRICT JUDGE**

Interpreter  None

| Beatrice Herrera | Not Reported | Karen Ilene Meyer |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |

Scott Allen Sperling, pro se          NO

**Proceedings:**   (In Chambers) Order re Motion to Terminate Defendant's Supervised Release Term

The Court has received Defendant Scott Allen Sperling's ("Defendant") "Motion to Terminate Defendant's Supervised Release Term" ("Motion"), filed on August 19, 2015. (See Dkt. No. 96.) We find this matter appropriate for resolution without oral argument. Having considered all of the papers filed in support of, and in opposition to, the Motion, we rule as follows.

**I.    Background**

On January 9, 2007, Defendant pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On August 1, 2007, the Honorable A. Howard Matz sentenced Defendant to 39 months imprisonment and, upon release from imprisonment, supervised release for a term of ten years. Defendant was released and has been serving his term of supervised release since September 2, 2009.

Defendant filed the instant Motion on August 19, 2015. (See Dkt. No. 96.) On August 20, 2015, we directed the United States and the United States Probation Office to file a response to the Motion within thirty days. (See Dkt. No. 98.) The Probation Office filed its Opposition to the Motion on August 20, 2015 (hereinafter "U.S.P.O. Opp'n"). (See Dkt. No. 97.) The United States filed its Opposition on October 5, 2015 (hereinafter "U.S. Opp'n"), after the Court granted it an extension of time to file its response. (See Dkt. Nos. 100, 101.)

**II.   Legal Standard**

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the Court to consider factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering the relevant § 3553(a) factors, the Court may "terminate a term of supervised

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[1]  18 U.S.C. § 3583(e)(1); see United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."  United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

The Ninth Circuit has cited the Second Circuit's decision in Lussier, 104 F.3d 32 (2d Cir. 1997), favorably for the holding that early termination of supervision is warranted where the defendant demonstrates changed circumstances, such as exceptionally good behavior:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release . . . in order to account for new or unforeseen circumstances. Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

Miller, 205 F.3d at 1101 (quoting Lussier, 104 F.3d at 36).  The Ninth Circuit has since explained that it is not necessarily required for a defendant to demonstrate undue burden or changed circumstances in order to be eligible for early termination, so long as the defendant meets the requirements of 18 U.S.C. § 3583(e)(1).  See Emmett, 749 F.3d at 819-20; United States v. Bainbridge, 746 F.3d 943, 948-49 (9th Cir. 2014).

**III.    Discussion**

Defendant moves for early termination of his supervised release because he argues that he has been rehabilitated and does not need further supervision.  (See Mot. at ¶ 5 ("My conduct since release personifies change, cooperation, and absolute compliance.").)  Defendant contends that he has complied with every condition of his supervised release, that he has paid the $100 special assessment and $12,500 fine in full, and that he poses "a very low likelihood to commit future crimes."  (Id. at ¶¶ 6-8.)  He also states that he has maintained stable employment and housing while on supervision and that he has "a strong support structure" of family and friends.  (Id. at ¶¶ 15-16.)

The Probation Office and the United States oppose Defendant's Motion.  The Probation Office points out that Defendant has not been entirely compliant with the terms and conditions of his supervised release. Namely, the Probation Office points to three instances in 2014 when Defendant was found to have viewed adult pornographic material, in violation of his treatment contract with his sex offender treatment provider.  The Probation Office argues that these should be construed as violations of Defendant's supervised release conditions because those conditions require Defendant to abide by all rules, requirements, and conditions of his treatment program.  Defendant also tested positive for alcohol in 2012, which the Probation Office argues is a

---

[1]  As required by the Ninth Circuit, in reaching a decision on a motion for early termination of supervised release, we must provide express reasons for our decision.  Emmett, 749 F.3d at 820-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

violation of an express condition of his supervised release. Moreover, the Probation Office has determined that Defendant has a high risk for recidivism given the nature of his sex offense.

The United States makes nearly the same arguments as the Probation Office in opposition to the Motion. (See U.S. Opp'n.) The United States also argues that "[t]here is no question that probation, along with defendant's treatment provider, have taken steps to keep defendant on a path to recovery that will allow him to successfully re-integrate into society. Thus, there is no reason to terminate defendant early when it is clear defendant is benefitting from supervision . . . ." (Id. at 4-5.)

To determine whether Defendant is entitled to early termination of his supervised release, we evaluate the relevant 18 U.S.C. § 3553(a) ("Section 3553(a)") factors. See Gross, 307 F.3d at 1044.

Regarding the nature and seriousness of his underlying criminal offense and the history and characteristics of the Defendant, we agree with the United States that the underlying crime at issue was a serious offense involving possession of child pornography. Defendant's computer was found to have 85 videos and 964 still images of child pornography, of which over 100 images and 12 videos were determined to depict minor victims of sexual abuse. Based on these facts, this Section 3553(a) factor weighs against terminating Defendant's supervised release.

As to the Section 3553(a) factors regarding the need for deterrence, to protect the public, and to promote respect for the law, we cannot overlook Defendant's failure to comply with all of the terms and conditions of his supervised release. Contrary to his contention that he has "received no infractions or violations of supervision" (Mot. at ¶ 7), Defendant has tested positive for alcohol once and has viewed pornography on three occasions. The prohibition against consuming alcohol is an explicit condition of Defendant's supervised release. Moreover, we agree with the Probation Office that Defendant's repeated viewing of adult pornography should be construed as violations of his conditions of supervised release, as this conduct clearly violated Defendant's contract with his sex offender treatment provider. Thus, this is not the case of a defendant who has complied with every condition of his supervised release. See United States v. Smith, 219 F. App'x 666, at *1 (9th Cir. Jan. 23, 2007) (finding defendant who failed to register change of address and missed two drug test appointments did not demonstrate exceptionally good behavior to justify termination of supervised release); United States v. Sabatino, No. 02-CR-20067 JF, 2014 WL 6847779, at *2 (N.D. Cal. Dec. 3, 2014) (finding defendant who violated his release terms on one occasion did not demonstrate exceptional conduct and did not justify early termination of supervised release). We acknowledge Defendant's compliance with most of the conditions of his supervised release. Although commendable, we expect total compliance from a person on supervision. See United States v. Bauer, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) ("compliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); United States v. Grossi, CR 04-40127 DLJ, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination."). On balance, Defendant's conduct weighs against terminating his supervised release.

In weighing the relevant Section 3553(a) factors, we conclude that Defendant has not demonstrated that his term of supervised release is too harsh or inappropriately tailored to reflect the seriousness of the offense, the need for deterrence, the need to protect the public, or the need to promote respect for the law. See United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (concluding that it is the defendant's burden to demonstrate that early termination is justified).  We are not satisfied that terminating Defendant's term of supervised release is warranted by Defendant's conduct or that it is in the interest of justice.  See 18 U.S.C. § 3583(e)(1).

**IV.     Conclusion**

For the foregoing reasons, Defendant's Motion for early termination of his ten-year period of supervised release is **DENIED.**

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |